IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GIOVANY GUZMAN, 18427-030, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 21-cv-992-DWD ) |
| KENNY BENZING, ALLISON ALEXANDER, RICH STEVENSON, AND JANE DOE. | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Giovany Guzman, an inmate of the Federal Bureau of Prisons[1] (BOP) who was detained at the Marion County Jail (Jail) at the time of filing this lawsuit, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at the jail. Specifically, his claims relate to the handling of Covid-19 at the Jail. Defendants filed a Motion for Summary Judgment (Doc. 16) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as is required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Plaintiff did not file a response.

---

[1] The Court notes that mail to Plaintiff concerning the substitution of counsel for the Defendants' was returned. The address on file for Plaintiff is Greenville Federal Correctional Institution. However, a search of the BOP Inmate Locator indicated that Plaintiff may now be housed at Pollock United States Penitentiary. A plaintiff has a duty to inform the Court of a chance in address as soon as possible. Plaintiff was informed of this duty in the Order of Initial Review. (Doc. 3 at 6). Plaintiff failed to inform the Court about his new address, so his case could also be dismissed for failure to prosecute.

BACKGROUND

Plaintiff filed this lawsuit along with ten other inmates, but because pro se litigants cannot represent each other, each Plaintiff was split off into a separate case. Upon initial review, the Court identified three claims to proceed:

Count 1: Sheriff Stevenson and Jail Administrator Benzing failed to take steps to mitigate Plaintiff's serious risk of COVID-19 exposure at the Jail in July 2020 by failing to require masks and social distancing, in violation of Plaintiffs' constitutional rights under the Eighth or Fourteenth Amendment;

Count 2: Nurses Alexander and Jane Doe denied Plaintiffs' requests for COVID-19 testing (July to October) and failed to record their symptoms of COVID-19 (July 2020), in violation of Plaintiffs' constitutional rights under the Eighth or Fourteenth Amendment; and,

Count 3: Sheriff Stevenson, Jail Administrator Benzing, Nurse Alexander, and Nurse Doe failed to respond to Plaintiffs' grievances and sick call slips addressing COVID-19, in violation of Plaintiffs' constitutional rights under the Fourteenth Amendment.

(Doc. 3). Other claims and parties were dismissed for failure to state a claim. (*Id.*)

On January 10, 2022, the Defendants' filed a joint Motion for Summary Judgment (Doc. 16) and supporting Memorandum (Doc. 17). The Court issued a Rule 56 Notice which informed Plaintiff that he had until February 14, 2022, to file a response, and warned him that if he did not respond any factual assertions could be treated as undisputed for purposes of the motion, and the motion may be granted. (Doc. 18). Plaintiff did not file a response.

#### FINDINGS OF FACT

Although the original lawsuit concerned claims from July to October of 2020, Plaintiff was not housed at the Jail until October 14, 2020. (Doc. 17 at 2). Plaintiff did not submit any grievances between October 14, and the date that the original complaint was filed, October 22, 2020. During his entire stay at the jail, Plaintiff submitted only two grievances—one concerning plumbing, and one concerning an incorrect co-pay for a medical visit.

The Jail maintains a four-step grievance process. The first step requires an attempt at informal resolution via a conversation with an officer. (Doc. 17 at 2). The second step requires an inmate to file a grievance with the jail sergeant within 24 hours of the incident. If the grievance is not resolved at step two, an inmate can proceed to step three by submitting a grievance to the jail administrator. The fourth step is submission of the grievance to the sheriff. Each step must be taken within 24 hours of the denial at the prior step. These steps are explained on the bottom of the grievance form that inmates use to file a paper grievance. (Doc. 17 at 3).

#### CONCLUSIONS OF LAW
**A. Legal Standards**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, the court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g., Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The PLRA provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

B. Analysis

Plaintiff did not respond to the Defendants' Motion, so the Defendants' factual assertions are treated as undisputed for purposes of this Order. Defendants assert that Plaintiff did not file any grievances prior to the filing of this complaint in federal court,

and he filed only two grievances during his entire stay at the Jail. Neither of the grievances are relevant to the claims in this lawsuit concerning the adequacy of the Jail's response to COVID-19. Based on the undisputed facts, Plaintiff failed to exhaust the claims presented in this lawsuit, so the case must be dismissed.

## DISPOSITION

The Motion for Summary Judgment on the issue of exhaustion filed by Defendants' (Doc. 16) is **GRANTED**. Plaintiff's claims are **DISMISSED** without prejudice for failure to exhaust. The Clerk of Court is **DIRECTED** to enter judgment in defendants favor at the close of this case. The Clerk of Court is **DIRECTED** to mail this Order to the United States Penitentiary at Pollock, P.O. Box 2099, Pollock, LA 71467.

**IT IS SO ORDERED.**

Dated: July 18, 2022

_____
DAVID W. DUGAN
United States District Judge